IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADMART AG, HELLER WERKSTATT GESMBH, ANDRE HELLER, and STEFAN SEIGNER,<br><br>                            Plaintiffs,<br>v.<br><br>STEPHEN and MARY BIRCH FOUNDATION, INC.,<br><br>                            Defendant. | )<br>)<br>)<br>)<br>) Civ. No.: 95-410-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION OF DEFENDANT STEPHEN AND MARY BIRCH FOUNDATION, INC. FOR ENTRY OF AN ORDER IMPLEMENTING THE THIRD CIRCUIT JUDGMENT AND OBJECTION TO PLAINTIFFS' PROPOSED ORDER\***

**PRELIMINARY STATEMENT**

      Defendant hereby moves for entry of an order implementing the Third Circuit Judgment and, to the extent that the Court treats Plaintiffs' December 19, 2006, letter as a motion, Defendant opposes Plaintiffs' motion and proposed order. The Court should decline to enter the proposed order submitted by counsel for Admart AG, Heller Werkstatt Gesmbh, Andre Heller, and Stefan Seigner (collectively "Admart"). The Admart proposed order is inadequate for the following reasons:

      (1)    It fails to specifically to identify the items that Admart must deliver to Defendant Stephen and Mary Birch Foundation, Inc. ("Birch").

      (2)    It fails to require Admart to repair damaged art, as previously ordered by this Court on June 8, 2004.

      (3)    It fails to require Admart to present the Artwork at a location and in a manner in which Birch can reasonably gain access to it. Instead, it would leave Birch to

---

\* Pursuant to Local Rule 7.1.2, Defendant relies on this motion in lieu of filing an opening brief.

drag old shipping containers with unknown contents from the middle of a field in the middle of the Austrian winter.

 (4) It fails to assure that Admart has the right to transfer Luna Luna property to Birch.

 (5) It fails to specify the rate of interest on the sum due Admart, the amount of storage fees, the method of payment, and the payee.

 (6) It fails to relieve Birch or Birch's counsel of responsibility for holding any sum for Admart after Birch's obligations on the holdback amount have been extinguished.

All of these issues are addressed in Birch's proposed order attached hereto at Tab 1, which Birch respectfully requests that the Court enter.

## **RELEVANT FACTS**

On September 28, 2006, the United States Court of Appeals for the Third Circuit amended its August 8, 2006, Judgment and modified the District Court's October 6, 2004, Order, entering the following Order:

 "1. The Stephen and Mary Birch Foundation is required to pay plaintiffs $3,841,045.19,[1] plus the interest that sum has earned between May 31, 2004 and the date the money is paid to plaintiffs. In addition, Birch will pay storage charges from May 31, 2004 to the date of transfer.

 2. The parties shall simultaneously exchange in Vienna [on a date to be set by the District Court] the payment described in paragraph 1 and the property constituting Luna Luna, including the artwork and the

---

[1] "The District Court ordered Birch to pay $5,562,818.19. We revise that figure to account for the $1 million holdback. As of May 31, 2004, $721,773 of interest had accumulated on the holdback amount. We subtracted the holdback plus interest from the amount set out in the District Court's order."

>   documentation consisting of the artists' declarations and the technical documentation ("passports").
>
>   3. The Stephen and Mary Birch Foundation is required to pay $1 million to the plaintiffs which shall be set off against any award by the arbitration panel constituted in 2004. Interest on the net amount shall be payable as per the formulation used in the Court's Order of October 6, 2004. The total sum described in this paragraph 3 shall be due within thirty days of the date of the arbitrators' award. In the interim, the Stephen and Mary Birch Foundation shall continue to ensure that Thierry Ador maintains the interest bearing accounts described in his affidavit of April 29, 2004.
>
>   We remind the parties that they have submitted themselves to the jurisdiction of the United States District Court for the District of Delaware. Accordingly, failure to follow the orders of the District Court may submit them to sanctions for contempt of court. This dispute has been unduly prolonged by the recalcitrance of the parties and must come to an end."

(August 8, 2006, Order, pp. 23-24.)

### BIRCH'S OBJECTION TO ADMART'S PROPOSED ORDER

While Admart accurately quotes the Third Circuit's ruling, Admart's proposed order cannot reasonably be enforced, and the Court should decline to adopt it.

**1.** **The Order must specifically identify the Luna Luna Property.**

First, Admart's proposed order fails specifically to identify the items that Admart must deliver to Birch. The Third Circuit expressly states that Admart must deliver not just the artwork, but the "property constituting Luna Luna, including the artwork and the

3

documentation consisting of the artists' declarations and the technical documentation ('passports').)" Lists that specifically identify the (i) artwork, (ii) artists' declarations, (iii) and Luna Luna property exist in the record. The Court's order should use these lists to identify the Luna Luna property to be delivered, so there can be no doubt as to whether Admart's delivery complies with the Court's order.

The "property constituting Luna Luna" includes the following works of art:

- Flying Chairs by Kenny Scharf
- Giant Wheel by Jean Michael Basquiat
- Shooting-gallery by Jörg Immendorff
- Merry-go-round by Keith Haring
- Merry-go-round by Arik Brauer
- Shadow Room by Georg Baselitz
- Throwing-stall
- Spiral by Susanne Schmögner
- Gate Delaunay by Sonia Delaunay
- Fairy-tale Room by David Hockney
- Earthquakeavenue by Patrick Raynaud
- Wedding-stall by Andre Heller
- Photostall 1 by Mag. Marco Ostertag
- Photostall 2 by Peter Pongratz
- Wind-palace by Manfred Deix
- Mirrorcathedral by Roy Lichtenstein
- Panopticum by Roland Topor
- Gingerbread-house by Gertrud Fröhlich
- Erte Room by Erte
- Dali Dome by Salvador Dali
- Shooting-gallery by Wolfgang Herzig
- Narration-wall by Keith Haring
- Boat-swing by Christian Ludwig Attersee
- Delyrium by Gunther Brus
- "Avenue" by Kenny Scharf
- Hall of Mirrors by Aratym
- Mechanic Theatre by Jim Whiting
- WC-room by Daniel Spoerri
- Punching Man by Bernd Kastl
- Beat the "Lukas"
- Walla Waggon by August Walla
- Restaurant by Mag. Marco Ostertag

4

- Coffee Shop (Dreamstation) by Andre Heller (allegedly destroyed by a fire, *see* Affidavit of Markus Hagmann, dated April 30, 2004)
- Flags by Monika Gilsing
- *Liebesthermometer* (allegedly destroyed on the first day of exhibition, *see* Affidavit of Markus Hagmann, dated April 30, 2004)
- *Spider Woman* (textile structure allegedly fell apart, *see* Affidavit of Markus Hagmann, dated April 30, 2004)
- *Pictures by Daniel Spoerri* (allegedly damaged on the first day of exhibition, *see* Affidavit of Markus Hagmann, dated April 30, 2004)
- Tilts and Platforms for artwork

The "property constituting Luna Luna" also includes artists' declarations that transfer to Birch the title, use and all rights of the Artwork, including but not limited to those declarations set forth in the December 15, 1994, Final Arbitral Award:

| Name | Date | Title |
|---|---|---|
| Kenny Scharf | (undated) | Flying Chairs |
| Jean Michael Basquiat | 29 April 1993 | Giant Wheel |
| Jörg Immendorff | 8 May 1993 | Schiessbude Shooting- |
| Arik Brauer | 20 April 1993 | Karussel - Merry go round |
| Georg Baselitz | 20 April 1993 | Schattenraum – Shadow room |
| Mag. Marco Ostertag | 20 May 1993 | Wurfbude (Innenstadt) |
| Susanne Schmögner | 22 March 1993 | Spirale - Spiral |
| David Hockney | 30 April 1993 | Fairy tale room |
| Patrick Raynaud | 21 June 1993 | Earthquakeavenue |
| André Heller | 14 April 1993 | Hochzeitsbude |
| Mag. Marco Ostertag | 20 May 1993 | Fotobude 1 – Photostall 1 |
| Peter Pongratz | 30 May 1993 | Photostall 2 |
| Roy Lichtenstein | 30 April 1993 | Mirrorcathedral |
| Roland Topor | 24 May 1993 | Panopticum |
| Gertrud Fröhlich | 23 March 1993 | Lebkuchenbude - Gingerbread-house |
| R.P. Descharnes | 24 June 1992 | (Dali rights) |
| Wolfgang Herzig | 24 March 1993 | Schiessbude - Shooting-gallery |

| Name | Date | Title |
|---|---|---|
| Christian Ludwig Attersee | 27 April 1993 | Schiffschaukel – Boat swing |
| Günther Brus | 19 April 1993 | Delirium - Delyrium |
| Kenny Scharf | (undated) | Avenue |
| Hubert Aratym | 22 March 1993 | Spiegelkabinett - Hall of Mirrors |
| Daniel Spoerri | 1 September 1993 | Kack-Kanzlei - WC-room |
| Bernd Kastl | 23 March 1993 | Watschenmann - Punching Man |
| August Walla | 20 April 1993 | Walla Wagen - Waggon |
| Mag. Marco Ostertag | 20 May 1993 | Restaurant (inside Dali) |
| André Heller | 14 April 1993 | Café - Traumstation |
| Monika Gilsing | 11 May 1993 | Fahnen - Flags |

(Appendix, Volume 2 of Defendant /Appellant Stephen and Mary Birch Foundation, Inc. in the United States Court of Appeals for the Third Circuit, A128.)

The "property constituting Luna Luna" includes documentation that identifies and assures Birch's exclusive rights to transport the Artwork and the items listed in Exhibit A hereto to the United States, and to display, promote, and use it within the United States ("Passports"). Finally, the "property constituting Luna Luna" includes the items listed in the December 15, 1994, Final Arbitral Award.

All of these components should be listed in the Court's Order. Admart's proposed order does not do so.

## 2. **The Order must reasonably allow Birch to take delivery of the Luna Luna Property.**

Second, no reasonable exchange can occur on January 16, as requested in Admart's proposed order. According to Admart's counsel, the artwork has been stored in old shipping containers, open to the weather, in a field somewhere in Vienna -- unlikely to be accessible in the Austrian winter. Moreover, simply handing over old containers does not assure that Luna Luna property that the Third Circuit Court of Appeals described is delivered. This Court should require Admart to take the artwork out of the

containers, assemble it so Birch can see it, and make any repairs, as previously ordered by this Court on June 8, 2004.  This should all be done in a location that Birch can reasonably access.  Admart should be held accountable to deliver all of the Luna Luna property.  Admart should also be required to assure Birch that Admart can transfer title of the Luna Luna property.  Once these steps have been taken, the Court can set a time, date, and place for the exchange.

**3.     The Order must address the amount of storage fees, interest rate, method of payment, and the payee.**

Third, the Court should specifically address the interest rate, the amount of storage fees, the method of payment, and the payee.  Admart's proposed order lacks these details.

**4.     The Order should relieve Birch of holding any further amount on behalf of Admart.**

Finally, once holdback issues are resolved in the Swiss Arbitration, Birch and Birch's counsel should be relieved of any obligation to hold any amount on behalf of Admart.  Admart's proposed order does not address this matter.

## CONCLUSION

Birch has prepared a proposed order sufficiently specific to guide the parties' compliance. Birch's proposed order is attached hereto at Tab 1. Birch respectfully requests that the Court enter this order and reject Admart's proposed order.

Dated: January 5, 2007                    Respectfully submitted,

|  |  |
|---|---|
|  | /s/ *Richard H. Morse* |
| Of Counsel: | Richard H. Morse (No. 531) |
|  | Young Conaway Stargatt & Taylor, LLP |
| Alice A. Seebach | The Brandywine Building |
| Seebach & Seebach | 1000 West Street, 17th Floor |
| 633 West Fifth Street, Suite 5410 | Wilmington, Delaware 19801 |
| Los Angeles, CA 90071 | Telephone: (302) 571-6651 |
| Telephone: (213) 553-7900 | rmorse@ycst.com |

*Attorneys for Defendant*
*Stephen and Mary Birch Foundation, Inc.*

**CERTIFICATE OF SERVICE**

I, Richard H. Morse, hereby certify that on January 5, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Norman M. Monhait, Esquire
>Rosenthal Monhait Gross & Goddess, P.A.
>919 Market Street, Suite 1401
>P.O. Box 1070
>Wilmington, DE 19899

I further certify that on January 5, 2007, I caused a copy of the foregoing document to be served on the following non-registered participant in the manner indicated:

**BY U.S. MAIL**

>Thomas A. Brown, Esquire
>Orans, Elsen & Lupert LLP
>875 Third Avenue
>New York, NY 10022

>YOUNG CONAWAY STARGATT
>   & TAYLOR, LLP
>
>/s/ *Richard H. Morse*
>Richard H. Morse, (No. 531)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>Telephone: (302) 571-6713
>rmorse@ycst.com
>
>*Attorneys for Defendant*