IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADMART AG, HELLER WERKSTATT GESMBH, MR. ANDRE HELLER, and MR. STEFAN SEIGNER,<br><br>        Plaintiffs,<br><br>v.<br><br>STEPHAN AND MARY BIRCH FOUNDATION INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 95-410 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT BIRCH'S PROPOSED
ORDER AND IN SUPPORT OF PLAINTIFFS' PROPOSED ORDER**

                                ROSENTHAL MONHAIT & GODDESS, P.A.
                                Norman M. Monhait (#1040)
                                919 Market Street, Suite 1401
                                Citizens Bank Center
                                P.O. Box 1070
                                Wilmington, Delaware  19899-1070
                                (302) 656-4433
                                    Attorneys for Plaintiffs

OF COUNSEL:

Thomas A. Brown II
ORANS ELSEN & LUPERT LLP
875 Third Avenue
New York, New York 10022
(212) 586-2211

January 19, 2007

Plaintiffs Admart AG, Heller Werkstatt Gesmbh, Andre Heller and Stefan Seigner (collectively "Admart") respectfully submit this brief in opposition to the motion by respondent The Stephen and Mary Birch Foundation, Inc. ("Birch") for entry of a proposed order. This brief is also submitted in support of the proposed order submitted by Admart through its December 19, 2006 letter to this Court. Birch's proposed order is inconsistent with the opinion of the United States Court of Appeals for the Third Circuit and is nothing more than a blatant effort to delay yet again enforcement of the 1994 award. Birch's proposed order improperly seeks to impose new obligations on Admart and create inspection rights for Birch that have been specifically rejected by the 1994 arbitration panel, this Court and the Third Circuit.

Once again we must note that enough is enough. Birch has successfully delayed enforcement of the 1994 arbitration award for more than 12 years. Birch now seeks to delay this dispute for untold further years through a meritless motion that is not supported by a single citation to any legal authority. Birch's proposed order will serve no purpose save to create further disputes and delay.

We urge the Court to adopt the proposed order submitted with Admart's December 19, 2006 letter.[1] Admart's proposed order tracks the mandate from the Third Circuit and will conclude at least the chapter in this dispute related to the enforceability of the 1994 award. As the Third Circuit noted "This dispute has been unduly prolonged by the recalcitrance of the parties and must come to an end." (September 28, 2006 Opinion of the United States Court of Appeals for the Third Circuit at p. 24 (hereinafter "Opinion")). Mindful of that admonition, Admart proposed an order that as nearly as possible adopts the language from the Third Circuit's

---

[1] The only appropriate modification to that order is necessitated by the passage of time since the proposed order was submitted. We therefore request that the Court order that the transfer take place on a date certain at some point on or before February 15, 2007, rather than on January 16, 2007 as initially requested.

opinion in an attempt to effect the Third Circuit's mandate that "The Judgment of the District Court will be affirmed with modification in the Order of October 6, 2004." (Id.)

Admart's proposed order creates no new obligation for any party and provides for a quick end to at least this phase of this protracted dispute. The interest rates and storage fees contained in Admart's proposed order were drawn from the uncontested rulings of this Court and are consistent with both this Court's Orders and the Third Circuit's Opinion.

Every one of Birch's unsupported objections to Admart's proposed order must be rejected. We deal with each in turn. First, an order by this Court need not identify the property to be transferred because that property is identified in the 1994 arbitration award that this Court's order will enforce. Moreover, neither this Court's order from which Birch appealed, nor the Third Circuit opinion identified the property, yet Birch has never raised this point before. It cannot do so now, and even it if could, the request should be denied as unnecessary.

Second, there is no need for a provision requiring repair to any damaged artwork because the Third Circuit has ordered that any concerns Birch may have as to the condition of the artwork or the supporting documentation are to be addressed in the pending Swiss arbitration. Specifically, the Third Circuit ruled that "We leave to the arbitrators any claims for damage to the pieces of art." (Opinion at p. 22). To ensure that Birch will be protected to the extent it has any legitimate claims of damage, the Third Circuit further ordered that $1 million, plus interest, of the money Birch owes Admart be held in escrow to offset any damages that may be proven. (Opinion at pp. 23-24). Thus Birch will be fully protected against any legitimate expense incurred in repairing damaged artwork, as well as for any actual damage to the artwork that may be found by the pending Swiss arbitration.

Third, consistent with the 1994 arbitration award and the Orders of this Court, Admart is required under the decision of the Third Circuit to transfer title of the artwork and supporting documentation to Birch, but no more. Transfer of title to the artwork and documentation were ordered by this Court and the Third Circuit, yet at no time did Birch seek or receive an order that this transfer must be in a certain type of location or that it be preceded by Admart's setting up the artwork. After more than a decade of litigation, Birch cannot seek for the first time to impose new conditions on the transfer. This issue should have been raised before this Court and before the Third Circuit long ago. It cannot be raised now. Moreover, even if the issue could be properly considered at this point, Birch can offer no justification for the imposition of new obligations upon Admart to move, set up or otherwise assemble the art work. If this provision is included in the Court's order, Birch will no doubt find fault with Admart's adherence to it and seek to delay payment yet again.

Fourth, Admart obviously cannot transfer title to something it does not own without breaching the very order that it is seeking in this case. Were Admart to do so, Birch could seek redress in this Court or the pending Swiss arbitration. There is no need or justification for Admart to make further representations to Birch. By proposing an order requiring Admart to make new representations that are not called for by any of the tribunals that have considered this matter, Birch is simply trying to create an obligation that it can later use to create further delay by spuriously alleging it has been breached. Moreover, this too is a new provision that Birch is attempting to impose on Admart for the first time and was not provided for in either this Court's Orders or the Opinion of the Third Circuit. This new demand cannot properly be raised at this belated stage in these proceedings, nor should it be granted, even if it were considered.

Fifth, Admart's proposed order requires Birch to pay Admart a sum certain on a date to be specified in immediately available funds. Birch can cite no authority for its claim that the calculations that lead to that sum must be reflected in the order itself, nor does it even attempt to. Those calculations are based on the Orders of this Court and the 1994 arbitration and Birch does not even contest them. Moreover, Birch cannot justify its proposed requirement that Admart provide an accounting of its storage costs. This Court's June 8, 2004 Order ordered Birch to pay most of those costs and Birch did not challenge them at that time or on appeal. Birch cannot reopen this issue, nor can it dispute the monthly storage rate the Court ordered, especially given that the Third Circuit noted that "The parties have not challenged the assessment for interest, storage fees and arbitration costs and we accept the District Court's computation for these items" (Opinion at p. 22). The Third Circuit then ordered Birch "to pay those charges from May 31, 2004 to the date of transfer" (*Id.* at p. 23) in addition to the amounts already ordered.

Sixth, Birch and its counsel cannot be prospectively relieved of their obligations pursuant to the decision by the Third Circuit to retain the $1 million holdback, plus interest, in escrow until the pending Swiss arbitration concludes. Once that arbitration ends, an order that the $1 million, plus interest, less any amount awarded to Birch in that arbitration, be paid to Admart will presumably be entered. That order will finally end this matter and Birch and its counsel can more appropriately be relieved of their continuing obligations at that point, assuming they have been properly fulfilled.

For the same reasons, Birch's proposed order must be rejected. Most fundamentally that order seeks to improperly impose obligations on Admart that were never imposed by the 1994 arbitration panel, this Court or the Third Circuit. These new and unfounded obligations are unnecessary, unwarranted and unjustified. They will serve no purpose except to further delay

enforcement of the 1994 award. The decision by the Third Circuit sought to end the protracted delay in the enforcement of the 1994 award. Birch's proposed order seeks to improperly modify that decision and flies in the face of the Third Circuit's expressed intention that any modification to the 1994 award, "should adhere as closely to the text of the Award as feasible." (Opinion at p. 20). The Third Circuit has already modified the 1994 award to the extent that it considers appropriate. Birch cannot now secure further modifications, nor can it even properly seek them. Both the letter and the spirit of the Third Circuit's decision clearly demonstrates that Birch's proposed order must be rejected.

In sum this Court should reject Birch's proposed order and adopt Admart's proposed order.

Dated: Wilmington, Delaware
January 19, 2007

        ROSENTHAL MONHAIT
        & GODDESS, P.A.

By: /s/ Norman M. Monhait
Norman M. Monhait-(#1040)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433

Attorneys for Plaintiffs

OF COUNSEL:

Thomas A. Brown II
ORANS ELSEN & LUPERT LLP
875 Third Avenue
New York, New York 10022
(212) 586-2211

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of January, 2007, a copy of the **Memorandum In Opposition To Defendant Birch's Proposed Order And In Support Of Plaintiffs' Proposed Order** was served, by electronic filing, upon:

> Richard H. Morse, Esquire
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899

Norman M. Monhait (#1040)