# ORANS, ELSEN & LUPERT LLP
## ATTORNEYS

SHELDON H. ELSEN
LESLIE A. LUPERT
ROBERT L. PLOTZ
THOMAS A. BROWN II

SARAH P. KARWAN
ASHLEY U. MENENDEZ
CHRISTINA L. BRANDT-YOUNG
NICHOLAS G. ARONS

875 THIRD AVENUE
NEW YORK, NY 10022

TELEPHONE: (212) 586-2211
FAX: (212) 765-3662
www.oellaw.com
E-Mail: oel@oellaw.com

February 7, 2007

The Honorable Sue L. Robinson
Chief Judge
U.S. District Court
844 North King Street, Room 4209
Lock Box 18
Wilmington, DE 19801

> Re: <u>Admart AG, et al. v. Stephen and Mary Birch Foundation, Inc.</u>
> C.A. No. 95-410-SLR

Dear Chief Judge Robinson:

    We represent plaintiffs Admart AG, Heller Werkstatt Gesmbh, Andre Heller and Stefan Seigner (hereinafter "plaintiffs") and I am admitted *pro hac vice* in this case. Regretfully we must burden the Court yet again with this interminable dispute.

    In an attempt to effectuate this Court's January 22, 2007 Order, we proposed to Birch that the parties meet in Vienna on February 15, 2007, travel to the site where Luna Luna is stored and there exchange title to Luna Luna (the artwork and documentation consisting of the artists' declarations and related technical documentation) in return for a check from the bank UBS AG made payable to Admart. A copy of my January 26 letter to Ms. Seebach with this proposal is attached. We modified the proposal slightly on February 5 upon learning that UBS AG would not issue dollar denominated checks, as reflected in my attached letter of that date.

    Unfortunately, in yet another refusal to comply with the letter and spirit of both this Court's and the Third Circuit's orders, Birch responded by seeking to impose numerous new conditions on the exchange. To wit, Birch is demanding that the shipping containers be moved to an indoor location, that an itemized list of each container's contents be provided and that my clients supervise the opening of the containers containing Luna Luna. Birch is also refusing to issue a single payment as ordered, instead insisting on issuing three checks, one of which it claims will be made payable to the storage company, rather than to Admart. A copy of Ms. Seebach's February 5, 2007 letter setting forth Birch's position is attached.

    We therefore, must respectfully request that the Court involve itself in the actual details of the exchange compelled by this Court's January 22, 2007 Order and Order that:

ORANS, ELSEN & LUPERT LLP

The Honorable Sue L. Robinson
February 7, 2007
Page 2

    1) At 2:00 p.m. on February 15, 2007 representatives of Admart and representatives of Birch shall meet at NH Hotel, Hotelstrasse 1, A-1300 Flughafen Wien-Schwechat, in Vienna Austria. They shall travel from there to the site where Luna Luna is stored.

    2:00 p.m. was selected as the meeting time in case there were any complications that required the involvement of U.S. counsel or this Court, which given the history of this case appear all too likely. A hotel near the storage site was selected to insure that Birch did not attempt to somehow interfere with the exchange prior to the time set for the exchange.

    2) At the storage site Birch will give the representatives of Admart a single certified check payable to Admart A.G. from a major U.S. Bank that cannot be interfered with in any way in the amount of $4,579,811.34.

    The sum of $4,579,811.34 is calculated by adding $3,841,045.19 with $698,386.20, the interest on that sum from May 31, 2004 to February 15, 2007 at 6.5%, and $40,379.95, the storage costs to plaintiffs from May 31, 2004 through February 15, 2007 at $1,242.46 per month. Admart is to be the only payee on the check to ease deposit of the funds. Obviously, payment of this sum to Admart will be considered payment to all the plaintiffs.

    3) Also at the storage site, simultaneous with the delivery of this check by Birch, Admart will deliver to Birch the property constituting Luna Luna, by conveying ownership of the containers in which Luna Luna is stored and by giving Birch the artists' declarations and the technical documentation ("passports").

    Enclosed please find a Draft Order memorializing these points for your consideration. We would also request that the Court set a telephone conference at its earliest convenience to address these issues. Thank you for your time and consideration of this matter.

                                                  Respectfully Submitted,

                                                  Thomas A. Brown

cc Alice A. Seebach, Esq. (with enclosures)
   Norman Monhait, Esq. (with enclosures)
   Richard Morse, Esq. (with enclosures)

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADMART AG, HELLER WERKSTATT GESMBH, MR. ANDRE HELLER, AND MR. STEFAN SEIGNER, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHAN AND MARY BIRCH FOUNDATION INC. <br><br> Defendant. | ) ) ) ) ) C.A. NO.: 95-410-SLR ) ) ) ) ) ) ) ) ) |

**PROPOSED ORDER**

At Wilmington this ___ day of February, 2007, IT IS ORDERED that to effectuate the February 15, 2007 exchange compelled by this Court's January 22, 2007 Order:

1) At 2:00 p.m. on February 15, 2007 representatives of Admart and representatives of Birch shall meet at NH Hotel, Hotelstrasse 1, A-1300 Flughafen Wien-Schwechat, in Vienna Austria. They shall travel from there to the site where Luna Luna is stored.

2) At the storage site Birch will give the representatives of Admart a single certified check payable to Admart A.G. issued by a major U.S. Bank that cannot be interfered with in any way in the amount of $4,579,811.34.

3) Also at the storage site, simultaneous with the delivery of this check by Birch, Admart will deliver to Birch the property constituting Luna Luna, by conveying

ownership of the containers in which Luna Luna is stored and by giving Birch the artists' declarations and the technical documentation ("passports").

4) Except as clarified herein, the Court's January 22, 2007 Order shall otherwise remain unchanged.

---

United States District Judge

## ORANS, ELSEN & LUPERT LLP
ATTORNEYS

SHELDON H. ELSEN
LESLIE A. LUPERT
ROBERT L. PLOTZ
THOMAS A. BROWN II

SARAH P. KARWAN
ASHLEY U. MENENDEZ
CHRISTINA L. BRANDT-YOUNG
NICHOLAS G. ARONS

875 THIRD AVENUE
NEW YORK, N.Y. 10022

TELEPHONE: (212) 586-2211
FAX: (212) 765-3662
www.oellaw.com
E-Mail: oel@oellaw.com

January 26, 2007

**Via Fax**

Alice A. Seebach, Esq.
Seebach & Seebach
800 Wilshire Boulevard
Suite 1020
Los Angeles, California 90017

    Re: <u>Admart AG, et al. v. Stephen and Mary Birch Foundation, Inc.</u>

Dear Alice,

    In accordance with the Court's January 22, 2007 Order, a copy of which is attached, we propose the following:

    1) That at 2:00 on February 15, 2007 representatives of Admart and representatives of Birch shall meet at NH Hotel, Hotelstrasse 1, A-1300 Flughafen Wien-Schwechat, in Vienna Austria. They shall travel from there to the site where Luna Luna is stored. The site is close to the hotel and Admart will provide transportation for Birch's representatives.

    2) At that storage site, Birch will deliver a check drawn on UBS AG made payable to Admart A.G. in the amount of $3,841,045.19, plus the interest that sum has earned between May 31, 2004 and February 15, 2007, plus $40,379.95 for storage charges from May 31, 2004 to February 15, 2007. Admart and Birch should agree to the exact amount of this check before February 15, 2007.

    The $40,379.95 in storage charges are calculated by multiplying the $1,242.46 monthly storage cost ordered by the Court by 32.5 months, the period from May 31, 2004 to February 15, 2007. Please confirm that you accept this amount as the storage costs that are required to be paid pursuant to the Court's Order.

    Please also advise me at your earliest convenience the amount of interest that will have been earned on the funds being held in escrow from May 31, 2004 to February 15, 2007 so that we can agree on the exact amount of the check that is to be delivered well before February 15, 2007.

ORANS, ELSEN & LUPERT LLP

Alice A. Seebach, Esq.
January 26, 2007
Page 2

    3) Also at the storage site, simultaneous with the delivery of this check by Birch, Admart will deliver to Birch the property constituting Luna Luna, by conveying ownership of the containers in which Luna Luna is stored and the artists' declarations and the technical documentation ("passports").

    Please be advised that, assuming the exchange is completed on February 15, 2007 as ordered by the Court, storage costs will be paid through the end of March 2007. Birch will, therefore, have to move Luna Luna on or before March 31, 2007.

    We believe that the steps set forth above will quickly and accurately effectuate those portions of the Court's order that are to be consummated on February 15, 2007. We look forward to your response.

                                      Sincerely,

                                      Thomas A. Brown II

Encl.

cc: Norman Monhait, Esq. (with enclosure)
    Richard Morse, Esq. (with enclosure)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADMART AG, HELLER WERKSTATT GESMBH, ANDRE HELLER and STEFAN SEIGNER,<br><br>      Plaintiffs,<br><br>      v.<br><br>STEPHEN and MARY BIRCH FOUNDATION, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 95-410-SLR<br>)<br>)<br>)<br>)<br>) |

O R D E R

At Wilmington this 22nd day of January, having conferred with counsel regarding the mandate of the United States Court of Appeals for the Third Circuit (D.I. 94);

IT IS ORDERED, consistent with said mandate, that:

1. On February 15, 2007, in Vienna, Austria, the above identified parties shall simultaneous exchange the following:

    a. Defendant, the Stephen and Mary Birch Foundation, Inc. ("defendant"), shall pay, in immediately available funds that cannot be interfered with in any way, to Admart AG, Heller Werkstatt Gesmbh, Andree Heller and Stefan Seigner (hereinafter "plaintiffs") $3,841,045.19, plus the interest that sum has earned between May 31, 2004 and February 15, 2007, as well as the storage charges from May 31, 2004 to February 15, 2007.

b. Plaintiffs shall deliver to defendant the property constituting Luna Luna, including the artwork and the documentation consisting of the artists' declarations and the technical documentation ("passports").

2. Defendant is required to pay $1 million to the plaintiffs, which sum shall be set off against any award by the arbitration panel constituted in 2004. Interest on the net amount shall be payable as per the formulation used in this court's order of October 6, 2004. (D.I. 66) The total sum described in this paragraph 2 shall be due within thirty days of the date of the arbitrators' award. In the interim, defendant shall continue to ensure that Thierry Ador maintains the interest bearing accounts described in his affidavit of April 29, 2004.

3. This case shall be administratively closed. However, the court shall retain jurisdiction over the action until such time as the arbitration described in paragraph 2 has ended and the payment required by paragraph 2 has been made. Upon motion by any party, the case shall be reopened and become an active case once again.

_____
United States District Judge

## ORANS, ELSEN & LUPERT LLP
### ATTORNEYS

SHELDON H. ELSEN
LESLIE A. LUPERT
ROBERT L. PLOTZ
THOMAS A. BROWN II

SARAH P. KARWAN
ASHLEY U. MENENDEZ
CHRISTINA L. BRANDT-YOUNG
NICHOLAS G. ARONS

875 THIRD AVENUE
NEW YORK, N.Y. 10022

TELEPHONE: (212) 586-2211
FAX: (212) 765-3662
www.oellaw.com
E-Mail: oel@oellaw.com

February 5, 2007

**Via Fax**

Alice A. Seebach, Esq.
Seebach & Seebach
800 Wilshire Boulevard
Suite 1020
Los Angeles, California 90017

    Re:    <u>Admart AG, et al. v. Stephen and Mary Birch Foundation, Inc.</u>

Dear Alice,

    I have heard nothing from you in response to my letter of January 26, 2007. The Court Ordered exchange is to take place next Thursday, February 15, 2007. If I do not hear from you by this Wednesday, February 7, 2007, to finalize the details of that exchange, I will have no choice but to contact the Court for assistance.

    Please note, that we have learned that UBS AG will not issue dollar denominated checks. Therefore, Birch can provide the required payment in US dollars to Admart by wire transfer to Admart's account at UBS AG, details to be provided, or by giving Admart a certified bank check drawn on a major U.S. bank, the identity of that bank to be agreed prior to February 15. In either case, the final amount must be agreed upon prior to February 15.

    We look forward to your response and hope we can effectuate the Court Ordered exchange without having to further burden the Court with this dispute.

Sincerely,

Thomas A. Brown II

cc: Norman Monhait, Esq.
    Richard Morse, Esq.

**SEEBACH & SEEBACH**

SUITE 5410
633 WEST FIFTH STREET
LOS ANGELES, CA 90071
TELEPHONE 213.553.7900
FACSIMILE 213.553.7910
EMAIL seebach@seebach.net

February 5, 2007

Via Email, Telecopier, and Federal Express

Thomas A. Brown II
Orans, Elsen & Lupert LLP
875 Third Avenue
New York, NY 10022

Re:   *Admart AG, et al. v. Stephen and Mary Birch Foundation, Inc.*

Dear Tom:

    We acknowledge receipt of your January 26, 2007 proposal. Without prejudice to any of the legal proceedings between the parties and in compliance with Judge Robinson's January 22, 2007, Order ("Order"), consistent with the mandate issued by the Court of Appeals, the Birch Foundation intends to comply in the simultaneous exchange of property constituting Luna Luna, including the artwork and the documentation consisting of the artists' declarations and the technical documentation ("passports"), ("Luna Luna"), for payment.

A.  Delivery

    1.    Your letter states that Luna Luna is stored at a site in Vienna, Austria. Birch Foundation representatives will meet you at the site where Luna Luna is stored for the simultaneous exchange. Please provide us with the address. Please make the necessary arrangements for your client and/or their representatives to meet at 9:00 a.m. at the site on the 15th of February, 2007, not 2:00 p.m.

    2.    As required by the District Court Order dated January 22, 2007 "the property constituting Luna Luna, including the artwork and the documentation consisting of the artists' declarations and the technical documents ("passports")" will be conveyed by the Plaintiffs. "Conveying ownership of the containers" does not comply with the Order.

    3.    To facilitate an orderly simultaneous exchange of Luna Luna for payment, a written document describing the contents and which piece of artwork is stored in each of the individual containers needs to be provided by your clients either in advance or at the site. In the event an individual piece of artwork has been stored in various containers, the document should note which containers that particular artwork's pieces

Thomas A. Brown II
Orans, Elsen & Lupert LLP
February 5, 2007
Page 2

are located. Société Générale de Surveillance ("SGS") has been retained by the Birch Foundation to be present at the site where Luna Luna is stored. SGS, as an independent third party, will verify the contents of each container based on the written information provided by your clients. SGS will be videotaping and photographing their actions as their personnel checks the contents of each container against the lists provided. This procedure will insure the delivery of Luna Luna in accordance with the Order.

  4. If Luna Luna is stored in containers in an open field, inclement weather may make the containers housing Luna Luna inaccessible for opening and identifying their contents. In order for delivery to be made indoors and out of the weather, the Birch Foundation is willing to reimburse expenses incurred in placing the containers indoors. Otherwise, we will rely upon your assurances that the opening of and possible removal of the items for identification purposes as part of the delivery of Luna Luna will not put the contents and pieces of art at risk. The containers are to be opened under the direction of your clients.

  5. The Birch Foundation acknowledges the storage fees paid will allow Luna Luna to be at its present location through March 31, 2007. Transport arrangements are being preparing to transport Luna Luna to the United States. To facilitate these arrangements, preliminary information as to the quantity, size, description and ownership of the containers in advance of our meeting would be beneficial.

B. Payment

  1. As stated in the Order, the Birch Foundation will pay, in immediately available funds, $3,841,045.19 to Admart AG, Heller Werkstatt Gemsbh, André Heller, and Stefan Seigner. A check will be issued that cannot be interfered with in any way.

  2. The Birch Foundation will issue another check, in immediately available funds, payable to the same parties identified in the Order for interest earned between May 31, 2004 and February 15, 2007. Please provide the calculations as to the amount this check should be.

  3. The Birch Foundation will issue an additional check in the amount of $40,379.95 for storage charges from May 31, 2004 to February 15, 2007 (although the storage of Luna Luna may remain without additional payment through March 31, 2007). The check will be made payable to the storage company along with the same parties identified in the Order. The Birch Foundation in making this payment with the understanding that all liens, if any, on Luna Luna, asserted or unassertable by any storage company are extinguished. The name of the storage company(ies) is needed to provide immediately available funds at the time of exchange.

  Your acknowledgement of the Order as it relates to the arbitration panel constituted in 2004 is duly noted. Immediately following the completion of the

Thomas A. Brown II
Orans, Elsen & Lupert LLP
February 5, 2007
Page 3

simultaneous exchange, SGS will be performing an in depth inspection of Luna Luna that will continue on a day to day basis until it is finished. This task will include photographs and videotaping of the individual art pieces and components of Luna Luna that have been stored. The Birch Foundation will be relying on the Hagmann Affidavit submitted to Judge Robinson on April 30, 2004 as being the current condition of the art, without prejudice to the Foundation's claims. Admart or its representatives are encouraged to be present while this inspection is conducted as the photographs, videotapes, and information generated during this inspection will be used in any subsequent proceedings.

Mr. Hagmann represented certain portions of Luna Luna are no longer in existence due to being damaged or destroyed by fire. Your clients are requested to provide any information relating or referring to any insurance coverage and arrangements made by your clients with respect to Luna Luna including but not limited to policies, coverage, certificates, declaration pages, proof of premiums paid, any claims or payments from any insurance company relating to Luna Luna. If this is something that is being handled by your client's European counsel please advise them of the request.

We look forward to your utmost cooperation in providing and confirming the information contained herein as it will insure a smooth transition in the simultaneous delivery of Luna Luna to the Birch Foundation and receipt of payment by your clients.

Very truly yours,

Alice A. Seebach

cc:   Dr. Georg von Segesser
      Prof. William W. Park
      Dr. Christian P. Meister
      Dr. Willi Dietschi
      Dr. Thierry F. Ador
      Dr. Antoine Kohler
      Dr. Laurent Panchaud